**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

SANDY REINOSO MARTINEZ,

                                    Petitioner,

        v.

KRISTI NOEM, Secretary of the
Department of Homeland Security;
PAMELA JO BONID, Attorney General,
TODD M. LYONS, Acting Director,
Immigration and Customs Enforcement;
JESUS ROCHA, Acting Field Office
Director, San Diego Field Office;
CHRISTOPHER LAROSE, Warden at
Otay Mesa Detention Center,

                                    Respondents.

Case No.:  26cv0138 DMS SBC

**ORDER GRANTING PETITION**

This case comes before the Court on the Petition for Writ of Habeas Corpus. Respondents filed a response to the Petition, and Petitioner filed traverse. After considering the parties' briefs, the relevant legal authority and the record, the Court grants the Petition.

Petitioner Sandy Reinoso Martinez is a citizen of Cuba who entered the United States in July 2017. (Pet. at 3.) He immediately turned himself in and requested asylum. (*Id.*) His request was denied, and on October 16, 2017, he was ordered removed. (*Id.*)

1

26cv0138 DMS SBC

Immigration officials then attempted to remove Petitioner back to Cuba, but Cuba would not accept him. (*Id.*) Petitioner was then released on an order of supervision. (*Id.*)

Petitioner checked in as required. (*Id.*) In 2018, he sustained a conviction, but immigration officials declined to re-detain him at that time. (*Id.*) Petitioner continued on supervision until October 20, 2025, when Immigration and Customs Enforcement ("ICE") re-detained him. (*Id.*) Although Petitioner claims he did not receive notice that his release was being revoked, Respondents submitted a Notice of Revocation of Release that was purportedly provided to Petitioner when he was re-detained. (Resp., Ex. 1.) That Notice states Petitioner's release was revoked "based on a review of [Petitioner's] file and/or [his] personal interview on account of changed circumstances in [his] case." (*Id.*) The Notice goes on to state: "Due to your recent criminal history and your failure to follow the conditions set forth in your order, a further review of your case is now necessary." (*Id.*)

Upon re-detention, Petitioner was transported to Otay Mesa Detention Center. Given Cuba's previous refusal to accept Petitioner, Respondents searched for a third country to which Petitioner could be removed. (Decl. of Authur McLaughlin in Supp. of Resp. ("McLaughlin Decl.") ¶ 10.) On November 21, 2025, ICE informed Petitioner that it intended to remove him to Mexico. (Resp., Ex. 2.) On January 8, 2026, ICE transported Petitioner to the United-States-Mexico border, but he refused to agree to being removed to Mexico, so he was returned to Otay Mesa.[1] (McLaughlin Decl. ¶ 11.) As of the filing of the Response on January 16, 2026, "ICE is still in the process of identifying third countries that may be willing to accept Petitioner for removal." (*Id.* ¶ 12.)

On January 9, 2026, Petitioner filed the present case seeking release from custody, among other things. Petitioner raises two claims. First, he argues his re-detention violated the applicable regulations. Second, Petitioner asserts his continued re-detention violates *Zadvydas v. Davis*, 533 U.S. 678 (2001), and 8 U.S.C. ¶ 1231. Respondents dispute they

---

[1] According to the record, Mexico will only accept persons for removal from the United States if they agree to go willingly. (Pet., Ex. C.)

26cv0138 DMS SBC

violated the applicable regulations in re-detaining Petitioner, and even if there was a regulatory violation, Petitioner was not prejudiced and that violation would not amount to a violation of Petitioner's constitutional rights.  Respondents acknowledge Petitioner's *Zadvydas* claim, but do not argue there is a significant likelihood he will be removed to a third country in the reasonably foreseeable future.[2]

In *RK v. Casey*, Case No. 25cv1926, ECF No. 33, this Court addressed a *Zadvydas* claim similar to the one presented here.  Specifically, the petitioner in that case, like Petitioner here, was unable to be removed to his country of origin, and Respondents did not have a third country willing to accept the petitioner.  Respondents simply stated their efforts to remove the petitioner "remain[ed] pending."  *Id.* at 2.  Respondents' argument here is effectively the same as their argument in *RK*:  They are "still in the process of identifying third countries that may be willing to accept Petitioner for removal." (McLaughlin Decl. ¶ 12.)  But just as in *RK*, this evidence does not satisfy Respondents' burden to show there is a significant likelihood Petitioner will be removed in the reasonably foreseeable future.  Petitioner's detention is therefore unlawful, and he must be released.[3]

/ / /

/ / /

/ / /

/ / /

/ / /

---

[2] Respondents also argue that "[t]o the extent Petitioner is challenging ICE's decision to detain him for the purpose of removal, such a challenge is precluded by" 8 U.S.C. § 1252(g).  (Resp. at 5.)  The Court has considered and rejected this argument in numerous previous cases, and does so again here.

[3] Because the Court grants the Petition on this ground, the Court declines to address Petitioner's claim that Respondents violated the applicable regulations.  And because there is no significant likelihood Petitioner will be removed to a third country in the reasonably foreseeable future, the Court declines to address Petitioner's request for an injunction prohibiting any "surprise removals." (Pet. at 15.)  The Court notes, however, that any kind of "surprise removal" like the one Petitioner fears would likely "'present due process issues.'"  *Azzo v. Noem*, No. 3:25-cv-03122-RBM-BJW, 2025 WL 3535208, at *8 (S.D. Cal. Dec. 10, 2025) (quoting *Esmail v. Noem*, No. 25-cv-08325-WLH-RAO, 2025 WL 3030589, at *6-7 (C.D. Cal. Sept. 26, 2025)).

26cv0138 DMS SBC

In accordance with this Order, the parties are ordered to file a Joint Status Report on or before **February 2, 2026**, confirming Petitioner has been released.

**IT IS SO ORDERED**.

Dated:  January 29, 2026

Hon. Dana M. Sabraw
United States District Judge

4

26cv0138 DMS SBC